United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE WOODCRAFT STUDIOS, INC., <br> Debtor <br> _____/ <br> ALBERT M. KUN, et al., <br> Appellant, <br> v. <br> PAUL MANSDORF, et al., <br> Appellee. <br> _____/ | No. C-11-3219 EMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART APPELLEE'S MOTION TO DISMISS OR STRIKE APPELLANT'S OPENING BRIEF** |

     Appellee Paul J. Mansdorf, Trustee of the Bankruptcy Estate of Woodcraft Studios, Inc., filed a motion to dismiss the appeal, or in the alternative, to strike Appellant Albert M. Kun's opening brief. Docket No. 8. Mr. Mansdorf argues that the opening brief is premature because the record on appeal has not yet been transmitted to this Court pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure.

     After reviewing the parties' submissions, and pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing set for September 8, 2011. The Court hereby enters the following order:

     Federal Rule of Bankruptcy Procedure 8006 requires an appellant, "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a), . . . [to] file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the

issues to be presented." Appellee Mansdorf concedes that Appellant has complied with this requirement. *See* Mot. at 2. However, the record on appeal has not yet been received by the Clerk of the District Court.

The Bankruptcy Local Rules provide that the parties' briefing schedule is only set *after* the Clerk receives the record on appeal. *See* Bankruptcy Local Rule 8007-1(b) ("Upon receipt of the record on appeal from the Clerk of the Bankruptcy Court, the Clerk of the District Court shall immediately docket it in the case in which the notice of appeal was filed and give notice to all parties to the appeal of the briefing schedule."); Fed. R. Bankr. P. 8007(b) ("When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court . . . . On receipt of the transmission the clerk of the district court . . . shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed."); Bankr. Local Rule 8010-1(a) ("The appellant shall serve and file a brief within 28 days *after entry of the appeal on the District Court's docket pursuant to Bankruptcy Rule 8007*.") (emphasis added). In this case, Appellant filed his opening brief on July 14, 2011, Docket No. 3. His brief does not comply with the Clerk's briefing schedule because the record has not yet been received and there is no such schedule. Therefore, the brief is premature.

Accordingly, the Court hereby STRIKES Appellant's opening brief. Docket No. 3. Appellant is instructed to file his opening brief in accordance with the briefing schedule set by the Clerk upon receipt of the record on appeal pursuant to Bankruptcy Local Rule 8007-1(b). Appellant's brief shall comply with Rule 8010(a)(1)(E) of the Federal Rules of Bankruptcy Procedure, which provides that an appellant's opening brief shall contain citations to the "parts of the record relied on." Appellant's premature brief contained no such citations because there was no such appellate record at the time the brief was filed.

Appellee's motion to dismiss the appeal is DENIED. Bankruptcy Local Rule 8007-1(c) provides that an appellee may move to dismiss an appeal if the appellant has failed to "to perfect the appeal in the manner prescribed by Bankruptcy Rule 8006." However, in this case, Appellee makes no contention that Appellant has failed to perfect the appeal pursuant to Rule 8006. Indeed, he

concedes otherwise. Mot. at 2. Rather, the only problem is that Appellant's brief is premature. Therefore, dismissal of the appeal is not warranted.

        This disposes of Docket No. 8.

        IT IS SO ORDERED.

Dated: September 6, 2011

_____
EDWARD M. CHEN
United States District Judge