United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE WOODCRAFT STUDIOS, INC.,

    Debtor.
_____/

ALBERT M. KUN, *et al.*,

    Appellant,

    v.

PAUL MANSDORF, *et al.*,

    Appellee.
_____/

No. C-11-3219 EMC

**ORDER DENYING APPELLANT KUN'S MOTION TO STAY**

**(Docket No. 30)**

Pending before the Court is Appellant Kun's motion to stay this Court's order of December 22, 2011. Docket No. 30 ("Mot."); Docket No. 25 ("Order"). The Court's order had affirmed the Bankruptcy Court's denial of Mr. Kun's interim attorney's fee application and disgorgement of his retainer. After reviewing the parties' submissions, and pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing. For the reasons set forth below, the Court **DENIES** the motion to stay.

## I. DISCUSSION

A. <u>Legal Standard</u>

Bankruptcy Rule 8017 governs stays of this Court's judgments on appeal from a bankruptcy court's orders. Rule 8017(a) imposes an automatic stay of "[j]udgments of the district court . . . until the expiration of 14 days after entry, unless otherwise ordered by the district court." Fed. R. Bankr.

P. 8017(a). The Court may extend this automatic stay on motion of an appealing party for up to 30 days "after the entry of the judgment of the district court . . . unless the period is extended for cause shown." Fed. R. Bankr. P. 8017(b). Thus, without cause, any stay may not extend beyond January 21, 2012.

The standard for a stay pending appeal of a district court's order under Rule 8017(b) is the same as for stays pending appeal of a bankruptcy court's order under Rule 8005 and virtually the same as the standard for preliminary injunctions. *See In re Pacific Gas and Elec. Co.*, No. C-02-1550 VRW, 2002 WL 32071634, at *2 (N.D. Cal. Nov. 14, 2002); *In re Red Mountain Machinery Co.*, 451 B.R. 897, 899 (Bankr. D. Ariz. 2011) (noting that the tests for stays pending appeals of bankruptcy decisions are the same as for other stays pending appeal and for preliminary injunctions) (citing *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1757 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). Thus, in evaluating a motion to stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 129 S. Ct. at 1757 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (quotation marks omitted)). Where, as here, the Government opposes a stay pending appeal, factors three and four are considered together. *See id.* at 1762 ("[T]he traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party.").

A party has no right to a stay; rather, the decision is committed to the Court's discretion and the moving party bears the burden of showing that a stay is warranted. *Id*. at 1761. The first two factors are the most important. *Id*. Thus, to obtain a stay, the Appellant must make a "strong showing that [it] is likely to succeed on the merits." *Id*. ("It is not enough that the chance of success on the merits be better than negligible.") (internal citations and quotation marks omitted). In addition, "simply showing some possibility of irreparable injury fails to satisfy the second factor." *Id*. (internal citations and quotation marks omitted). Rather, Appellant must show that irreparable harm is "likely." *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2009); *In*

2

*re Red Mountain Machinery Co.*, 451 B.R. at 900 ("[B]oth the Supreme Court and the Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted.") (citing *Leiva-Perez*, 640 F.3d at 967).

B.     Application of the Factors

In the instant case, Appellant fails to satisfy any of the criteria for granting a stay.[1]

First, his likelihood of success on the merits is slim. As this Court noted in its Order, Appellant has waived many of his arguments. Order at 4-5 (finding that Appellant had "waived four of his arguments on appeal: (1) that he had a security interest in the retainer; (2) that the retainer was non-refundable under state law; (3) that the law does not provide for return of the retainer; and (4) that the court can only order the retainer to be returned to the extent it is determined to be excessive."). Moreover, Appellant's arguments lack merit as "the Bankruptcy Court was well within its discretion to deny all fees to Mr. Kun and order disgorgement of his retainer" in the face of Appellant's "substantial" disclosure violations. Order at 8-9 (citing, *e.g.*, *In re Park-Helena Corp.*, 63 F.3d 877, 881 (9th Cir. 1995) (denying all fees where attorneys had failed to comply with disclosure requirements); *In re Lewis*, 113 F.3d 1040, 1044, 1045 (9th Cir. 1997) (denial of fees and disgorgement of retainer warranted where attorney committed disclosure violations)).

Appellant's arguments to the contrary are unavailing. First, Appellant cites *Crockett v. Myers Ltd. v. Napier, Fitzgerald & Kirby*, --- F.3d ---, 2011 WL 6288395 (9th Cir. Dec. 16, 2011), for the proposition that the bankruptcy court order "fails to comply with current Ninth Circuit law." Mot. at 2. However, *Crockett & Myers* has little, if any, application to the instant case. It is not a bankruptcy case and merely restates the longstanding rule relating to bench trials that "[t]o facilitate appellate review under [the clear error] standard, Federal Rule of Civil Procedure 52(a) provides that a district court trying an action without a jury must 'find the facts specially and state its conclusions of law separately.'" *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, --- F.3d ----, 2011

---

[1] The Court notes that courts have used varying iterations of the four stay factors, and that there is some debate among courts as to whether the first two factors should be evaluated using a sliding scale approach. *See, e.g.*, *In re North Plaza, LLC*, 395 B.R. 113, 119-20 (S.D. Cal. 2008) (discussing differences among courts). In this case, however, the Court need not address this issue because Appellant fails to satisfy any factor.

WL 6288395 (9th Cir. Dec. 16, 2011) (quoting Fed. R .Civ. P. 52(a)(1)). The Bankruptcy Court's proceedings in the case at bar did not involve a bench trial, and *Crockett & Myers* does not reflect the standard for evaluating Bankruptcy Court findings on appellate review. *See In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999) ("Remand is not required when express findings are not made, if a complete understanding of the issues may be had [from the record] without the aid of separate findings.") (internal citations and quotation marks omitted). Moreover, Appellant made no previous argument, nor is there any indication in the record, that the Bankruptcy Court's findings were insufficiently clear to conduct an adequate appellate review. Indeed, Judge Efremsky's statements on the record, upon which he relied in his order, were detailed and comprehensive.

Appellant also quotes footnote 10 of *In re Dick Cepek, Inc.*, 339 B.R. 730, 739 (9th Cir. B.A.P. 2006) in support of his claim that there is a serious question on the merits of this appeal. However, footnote 10 concerns not a bankruptcy court's discretion to enforce disclosure rules, but rather the criteria for determining who is a "creditor" and therefore not "disinterested" under 11 U.S.C. § 101(14). It therefore has little relevance to the merits of Mr. Kun's appeal. Moreover, as the U.S. Trustee pointed out, *Dick Cepek* could not have modified the holding of *Park-Helena*, 63 F.3d at 890, because *Dick Cepek* is a Bankruptcy Appellate Panel decision, not a Ninth Circuit decision.

Second, Appellant fails to demonstrate irreparable harm. Appellant's only argument is that he would "suffer great hardship" by having to return his $5,000 retainer. Mot. at 3. However, the mere payment of money is not considered irreparable harm where those funds can later be recovered. *See Philip Morris USA Inc. v. Scott*, 131 S.Ct. 1, 4 (2010) ("Normally the mere payment of money is not considered irreparable . . . because money can usually be recovered from the person to whom it is paid.") (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Appellant has made no argument or showing that he would be unable to recover his retainer if he prevails on appeal.

Because Appellant fails to satisfy the first two factors, his motion necessarily fails. *See Nken*, 129 S.Ct. at 1762 ("Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest."). In any case, the Court finds that a stay would not be in the public interest. As this Court has already held,

Appellant committed substantial disclosure violations for which the Bankruptcy Court was justified in requiring him to disgorge his retainer. Despite the Bankruptcy Court's order of June 10, 2011, and this Court's subsequent affirming order, Appellant has yet to return the retainer. As Appellee Mansdorf points out, the Bankruptcy Court never granted a stay of its order pending appeal to this Court. *See* Katz Decl., ¶ 5, Ex. A. Any further delay in recovering funds Appellant was required to pay over seven months ago is not in the public interest, especially given his slim chances of success on appeal and the fact that, should he prevail, he can readily secure the return of those funds.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to stay.

This order disposes of Docket No. 30.

IT IS SO ORDERED.

Dated: January 18, 2012

_____
EDWARD M. CHEN
United States District Judge

5